IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID STRAITIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1915 |
| | ) |
| BRAND BUILDER ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is a Motion for Involuntary Dismissal for Failure to Prosecute and a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Brand Builder Associates, Inc. (Docket Nos. 22, 29). For the reasons set forth herein, Defendant's Motion for Involuntary Dismissal for Failure to Prosecute will be granted, and Defendant's Motion to Dismiss will be denied as moot.

**I.   BACKGROUND**

Plaintiff initiated this employment discrimination action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendant, who was his former employer, for violations of the Employee Retirement Income Security Act of 1974 (Count I); Age Discrimination in Employment Act of 1967 (Count II); Americans with Disabilities Act (Count III); and the Pennsylvania Human Relations Act (Count IV). (Docket No. 1-1). On December 30, 2021, Defendant removed the action to this Court. (Docket No. 1).

On January 18, 2022, Defendant filed a Motion to Dismiss, which was denied without prejudice for failure to include a certificate of conferral as required by the Court's order regarding motions pursuant to Federal Rule of Civil Procedure 12(b). (Docket Nos. 4, 5, 7). On that same

date, Plaintiff's former counsel filed a Motion to Withdraw as Counsel. (Docket No. 8). On January 21, 2022, the Court held a telephone status conference to address the Motion to Withdraw as Counsel. (Docket No. 14). At that time, the case was stayed until March 11, 2022 to allow Plaintiff time to obtain new counsel to represent him in this case,[1] and to extend Defendant time to file a renewed Motion to Dismiss. (Docket Nos. 14, 15).

Following a request by Defendant, the Court held a telephone status conference on April 6, 2022, during which the Court confirmed Plaintiff's intent to proceed *pro se* in this matter. (Docket No. 18). Plaintiff's intention to proceed *pro se* was further verified in a Joint Status Report filed on April 20, 2022. (Docket No. 19). Subsequently, on April 25, 2022, the Court granted Plaintiff's former counsel's Motion to Withdraw as Counsel and specified that Plaintiff "shall appear pro se unless new counsel enter their appearance on his behalf." (Docket No. 20). On that same date, the Court entered an order permitting Defendant to file an answer to Plaintiff's Complaint or a motion to dismiss by May 16, 2022. (Docket No. 21).

On May 16, 2022, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 22). Plaintiff was ordered to file a response to the Motion by August 1, 2022, (Docket No. 26), but he did not file a response by that established deadline. Consequently, on November 18, 2022, the Court ordered Plaintiff to show cause by December 19, 2022 why Defendant's Motion to Dismiss should not be granted given his failure to respond to the Motion by the August 1st deadline. (Docket No. 28). Plaintiff failed to respond to the Court's

---

[1] Since December 20, 2021, Plaintiff has been held in the Fayette County Jail on charges of committing various state felony sex crimes against children and computer crimes against Defendant. (*See* Docket No. 29, ¶ 5). On May 3, 2022, Defendant was charged in this Court in a 13-count Indictment with eleven counts of production and attempted production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and two counts of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Crim. No. 22-122, Docket No. 1). Defendant changed his plea from not guilty to guilty to the 13-count Indictment on July 11, 2023, and he is scheduled to be sentenced on November 14, 2023. (*Id.*, Docket Nos. 37, 39, 40).

show cause order by December 19, 2022, as ordered. Defendant then filed its Motion for Involuntary Dismissal for Failure to Prosecute on January 9, 2023, arguing that this action should be dismissed for Plaintiff's failure to prosecute the case and comply with the Court's orders. (Docket No. 29). Plaintiff has not filed a response to Defendant's Motion for Involuntary Dismissal.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court has the inherent power to dismiss a case under Rule 41(b) for a litigant's failure to prosecute or to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). However, "the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id.*

The district court considers the following six factors to determine whether dismissal under Rule 41(b) is the appropriate sanction for failure to prosecute or to obey court orders: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). All six factors need not be satisfied to warrant the sanction of dismissal. *Mindek v. Rigatti*, 964 F.2d 1369, 1373

(3d Cir. 1992) (reiterating that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

Turning to consideration of the *Poulis* factors here, first, Plaintiff is proceeding in this matter *pro se*, thus he is personally responsible for prosecuting the case and complying with the Court's orders. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, [a] plaintiff [proceeding] pro se [is] directly responsible for her actions and inaction in the litigation.").

Second, Defendant represents that it is a small business, and this lawsuit has created "a substantial and unwarranted legal burden" upon it. (Docket No. 29, ¶ 20). As such, Plaintiff's failure to prosecute this case has prejudiced Defendant by needlessly delaying the proceedings and frustrating any efforts by Defendant to resolve the matter. *See Zomerfeld v. Lowes*, Civ. No. 3:22-CV-00422, 2022 WL 3588325, at *4 (M.D. Pa. Aug. 2, 2022) (finding defendants were prejudiced because plaintiffs' failure to litigate case or comply with court's orders "wholly frustrates and delays the resolution of [the] action").

Third, Plaintiff has ignored the Court's orders by failing to respond to Defendant's Motion to Dismiss and failing to show cause why Defendant's Motion to Dismiss should not be granted by the established deadlines of August 1, 2022 and December 19, 2022, respectively. In the Court's estimation, Plaintiff's non-compliance with the Court's orders demonstrates a history of dilatoriness sufficient to indicate that he does not intend to proceed with this case.[2] *See Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008) ("Extensive or repeated delay or delinquency constitutes

---

[2] Notably, other than filing the Complaint, Plaintiff has made no other substantive filings in this case, which serves as further evidence that he does not intend to proceed with the matter.

4

a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.") (citation omitted).

Fourth, nothing in the record indicates that Plaintiff's failure to comply with the Court's orders is the result of any excusable neglect. Consequently, the Court is compelled to conclude that Plaintiff's non-compliant conduct is willful. *Zomerfeld*, 2022 WL 3588325, at *4 (finding plaintiffs' conduct was willful where non-compliance reflected an ongoing disregard for the case and the court's instructions).

Fifth, the Court considers whether sanctions other than dismissal will be effective. Here, alternative sanctions for failing to prosecute the case, such as monetary sanctions or a finding of contempt, are unsuitable given that Plaintiff is proceeding *pro se*. *See Briscoe*, 538 F.3d at 262-63 (observing that alternative sanctions such as monetary sanctions, "would not be an effective alternative" where a plaintiff is proceeding *pro se*).

Finally, while the Court makes no determination as to the merit of Plaintiff's claims, it is impossible for the Court to proceed with an action involving an unresponsive *pro se* litigant. That said, as discussed in Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and accompanying brief, certain of Plaintiff's claims appear to be untimely and therefore could be subject to dismissal on that basis. (*See* Docket Nos. 22, 23). However, affording Plaintiff the benefit of doubt, this factor is neutral in the Court's *Poulis* analysis.

In balancing the *Poulis* factors, no one factor is dispositive, and there is no "magic formula" or "mechanical calculation" with regard to the analysis. *See Briscoe*, 538 F.3d at 263 (citations omitted). Upon balancing the *Poulis* factors here, the Court finds that the first five factors weigh heavily in favor of dismissal. Accordingly, dismissal of this action for Plaintiff's failure to

prosecute is warranted. Further, in light of Plaintiff's non-compliance with the Court's orders, including his failure to respond to the Court's show cause order, the Court will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 n.6 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

### III. CONCLUSION

For the reasons discussed, the Court finds that dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this case.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 12th day of July, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Involuntary Dismissal For Failure to Prosecute, (Docket No. 29), is GRANTED, and this case is dismissed with prejudice.

In light of this ruling, IT IS FURTHER ORDERED that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket No. 22), is DENIED AS MOOT.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

David Straitiff (via U.S. mail)
Fayette County Prison
12 Court Street
Uniontown, PA  15401